EARL DEAN TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 212-91
United States Tax Court
T.C. Memo 1992-59; 1992 Tax Ct. Memo LEXIS 64; 63 T.C.M. (CCH) 1963; T.C.M. (RIA) 92059; January 30, 1992, Filed *64 An appropriate order and decision will be entered. John Altman, for respondent. BUCKLEY, Special Trial Judge. MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) (3) [1] and Rules 180 et seq. Respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
Sec. 6654
1987
$ 1,949
$ 1,462
50% of the
$ 104 interest due on $ 1,943
1988
1,669
1,252
--
106
This case was calendared for trial on December 11, 1991, at Seattle, Washington. Petitioner failed to respond to the call of his case, and respondent accordingly moved that the case be dismissed for failure to prosecute properly. We consider respondent's motion. The petition filed herein contains tax protestor allegations, the gist of which seems to *65 be that a "person" within the meaning of the Internal Revenue Code refers only to those persons who are representatives of the United States and entitled to compensation under the United States Constitution for services which they perform for the United States. Petitioner alleges that he is a citizen rather than a "person" within such meaning, is not compensated by the United States, and accordingly is not required to pay taxes. Petitioner's argument is nonsensical and frivolous. See . Respondent, by Answer, made the following affirmative allegations: 6. FURTHER ANSWERING the petition and in support of the determination that part of the underpayment of tax required to be shown on the petitioner's income tax returns for 1987 and 1988 is due to fraud, the respondent alleges: (a) The petitioner received wages from Dakota Fisheries, Inc. in the amount of $ 1,160.00 for the taxable year 1987. (b) The petitioner received wages from Sea-K Fish Co., Inc. in the amounts of $ 16,725.00 and $ 16,048.00 for the taxable years 1987 and 1988, respectively. (c) The petitioner received taxable unemployment compensation *66 in the amounts of $ 11.00 and $ 27.00 for the taxable years 1987 and 1988, respectively. (d) On January 25, 1987, the petitioner filed a false W-4 with his employer, Sea-K Fish Co., Inc. claiming exempt status. (e) Due to the false W-4, no income tax withholding was withheld from the petitioner's wages for the taxable years 1987 and 1988. (f) The petitioner did not file a Federal income tax return for the taxable year 1987. (g) The petitioner did not file a Federal income tax return for the taxable year 1988. (h) The petitioner fraudulently and with the intent to evade tax filed a false W-4 with his employer, which resulted in no income tax being withheld from his wages. (i) The petitioner fraudulently and with the intent to evade income tax, failed to file Federal income tax returns for the taxable years 1987 and 1988. (j) The petitioner fraudulently and with the intent to evade income tax, failed to pay income tax in the amount of $ 1,949.00 and $ 1,669.00 for the taxable years 1987 and 1988, respectively.
Petitioner did not respond to such allegations. Respondent then moved for entry of an order that the undenied allegations in the Answer be deemed admitted. Petitioner's *67 only response was that if he was to be treated as a "person" then he was entitled to be compensated for his services at the rate of $ 200,000 per year for each year commencing in 1983, with interest at 6 percent. The response by petitioner, as well as his petition, is frivolous in nature. We ordered that the undenied allegations in the Answer were deemed admitted on July 9, 1991. Thus, affirmative allegations in the Answer, which we have set forth above and to which petitioner failed to reply, are deemed admitted. Rule 37(c). Section 7453 provides, inter alia, that "the proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure * * * as the Tax Court may prescribe". Rule 123(b) provides "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Petitioner failed to appear at the call of the calendar in this matter. It is accordingly appropriate that his petition should be dismissed for failure to prosecute properly. There is no *68 question that respondent should prevail as to the underlying deficiencies and the additions to tax imposed pursuant to section 6654, either on the ground that petitioner has defaulted by virtue of his nonappearance at trial, or that he has failed to carry his burden of proof. ; ; . We find that petitioner received wages from Dakota Fisheries, Inc., in the amount of $ 1,160 and from Sea-K Fish Co., Inc., in the amount of $ 16,725 in 1987. He also received taxable unemployment compensation in the amount of $ 11 during 1987. Petitioner did not file a Federal income tax return for his taxable year 1987. Petitioner received wages from Sea-K Fish Co., Inc., in the amount of $ 16,048 in 1988. He also received taxable unemployment compensation in the amount of $ 27 during 1988. Petitioner did not file a Federal income tax return for the taxable year 1988. On January 25, 1987, petitioner filed a false W-4 with his employer, Sea-K Fish Co., Inc., claiming exempt status. Due to the false W-4, *69 no income tax withholding was withheld from petitioner's wages for the taxable years 1987 or 1988. Petitioner fraudulently and with the intent to evade tax filed a false W-4 with his employer, which resulted in no income tax being withheld from his wages. He fraudulently and with the intent to evade income tax failed to file Federal income tax returns for 1987 and 1988, and he fraudulently and with the intent to evade income tax failed to pay income tax in the amount of $ 1,949 and $ 1,669 for the taxable years 1987 and 1988, respectively. Based upon respondent's affirmative allegations deemed admitted by petitioner, we find that petitioner has tax deficiencies for 1987 and 1988 in the amounts determined by respondent in the notice of deficiency. We further find that petitioner is liable for the additions to tax under section 6654 as determined by respondent. We now consider respondent's determinations of additions to tax for fraud under section 6653(b)(1)(A) and (B). Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . This burden may be met by showing there *70 is an underpayment of tax, and that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes. ; ; Respondent, by answer, affirmatively pleaded fraud and included facts which suffice to support a finding of fraud. The Court subsequently admitted the allegations of fraud as "facts" in this case when it granted respondent's Rule 37(c) motion. Respondent's allegations of petitioner's fraudulent intent were "specified allegations" within the meaning of Rule 37(c), and, in our judgment, their deemed admission more than satisfies respondent's burden of proving fraud. Accordingly, we hold that petitioner is liable for the additions to tax for fraud for both 1987 and 1988. We also consider, sua sponte, the imposition of a penalty under the provisions of section 6673. That section provides that whenever it appears to this Court that proceedings have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position is *71 frivolous or groundless, the Tax Court in its decision may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. This proceeding involves in part the addition to tax for fraud. Although we are normally reluctant to require a penalty in fraud cases, the record in this case establishes that petitioner has had no interest in disputing either the deficiencies or additions to tax determined by respondent. We find that petitioner instituted this proceeding primarily for purposes of delay, and that his position was frivolous. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 1,000. An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue; Rule references refer to the Tax Court Rules of Practice and Procedure.↩